(No. 4736—

CECIL M. SARGEANT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1957.*

JOHN J. BLAKE, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

Cecil M. Sargeant, claimant, filed his claim in this Court on August 2, 1956, alleging:

1. That he was inducted into the Armed Services of the United States on September 4, 1942, and served until January 26, 1944;
2. That for more than six months prior to his induction into the Armed Forces he was a resident of the State of Illinois;
3. That in March of 1951, as provided by the statute of this state, he made application to the Service Recognition Board for a veteran's bonus; that his application was denied on the ground that he was discharged under the provisions of Section VIII, AR615360;
4. That application for a corrected discharge was made on December 12, 1955, and that the discharge was corrected showing claimant was entitled to an honorable discharge; that this honorable discharge was filed in the office of the Circuit Clerk and Recorder of Knox County on April 30, 1956.

On October 22, 1956, this Court granted leave to respondent, upon motion duly made, and upon giving notice to claimant, to file a motion to strike the claim. No objections were filed to the motion, so that this case now comes on for hearing upon the complaint and motion filed by respondent thereto.

The question presented concerns Chap. 126½, Sec. 65, Par. 3, 1955 Ill. Rev. Stats., which is as follows:

"Any person who had a claim, which would have been compensable by the Service Recognition Board except that during the period for filing claims such person was ineligible by reason of a dishonorable discharge from service, who prior to July 1, 1953, has or shall have such discharge reviewed and has obtained or shall obtain an honorable discharge, and any person who had an amended or supplemental claim pending before the Service Recognition Board on May 20, 1953, but had not by that date submitted sufficient evidence upon which the Service Recognition Board could pay the amended or supplemental claim, shall be entitled to have such claim considered by the Court of Claims, and to have an award on the same basis as if his claim had been fully considered by the Service Recognition Board."

Inasmuch as the Service Recognition Board denied the claim, because of the dishonorable discharge, and inasmuch as claimant did not, prior to July 1, 1953, have such discharge reviewed, and obtain an honorable discharge, nor did he have on file an amended or supplemental claim pending before the Service Recognition Board on May 20, 1953, this Court would not have jurisdiction by reason of said statute to allow said claim.

It is, therefore, the opinion of this Court that the motion to strike the complaint filed herein should be, and the same is hereby allowed, and the complaint filed herein dismissed.